**Order issued May 28, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00493-CR

_____

**LUIS RUIZ SIERRA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1396147**

---

## ABATEMENT ORDER

Appellant, Luis Ruiz Sierra, pleaded guilty to the felony offense of burglary

of a habitation with intent to commit a felony.[1] The trial court found him guilty and

---

[1]      *See* TEX. PENAL CODE ANN. § 30.02(a)(2) (West 2011) ("A person commits
         an offense if, without the effective consent of the owner, the person . . .

assessed punishment at thirty years in prison. Appellant's court-appointed counsel on appeal has filed a motion to withdraw from representing appellant and an *Anders* brief in which he opines that no valid grounds for appeal exist and that appellant's appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Appellant filed a pro se response in which he complains of ineffective assistance of counsel and requests a reduction in his sentence. The State has waived its opportunity to file an appellee's brief in response to the brief counsel filed on appellant's behalf.

When this court receives an *Anders* brief from an appellant''s court-appointed attorney who asserts that no arguable grounds for appeal exist, we must independently determine whether any arguable grounds for appeal exist by conducting our own review of the entire record. *Id.* (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). An arguable ground for appeal is a ground that is not frivolous; it must be an argument that could "conceivably persuade the court." *See In re Schulman*, 252 S.W.3d 403, 407 n.12 (Tex. Crim. App. 2008) (quoting *McCoy v. Court of Appeals of Wisc., Dist. I*, 486 U.S. 429, 436, 108 S. Ct. 1895, 1901

---

remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation . . . .").

(1988)). In conducting our review, we consider any pro se response that the appellant files in response to his appointed counsel's *Anders* brief. *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009).

Our role in this *Anders* appeal is limited to determining whether arguable grounds for appeal exist. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If we determine that arguable grounds for appeal exist, we do not rule on the ultimate merits of any arguable issues. *Id.* at 827. Instead, we must abate the appeal and remand the case. *Id.* On remand, the trial court must appoint new counsel to represent appellant, because appellant is entitled to have new counsel address the merits of the issues raised. *Id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.*

In accordance with *Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400, and *Bledsoe*, 178 S.W.3d at 826–27, we have reviewed the record, appointed counsel's *Anders* brief, and appellant's pro se response to that brief. The record on appeal reflects at least one arguable ground for appeal: whether appellant's 30-year sentence exceeds the statutory maximum for the second-degree felony offense of burglary–for which he was indicted and to which he pleaded guilty–and was therefore illegal and void.[2]

---

[2]     *See* TEX. PENAL CODE ANN. § 12.32 (West 2011) (punishment range for first-degree felony offenses); *id*. § 12.33 (West 2011) (punishment range for second-degree felony offenses); *id*. § 30.02(c)(2) (specifying that burglary is

Accordingly, we strike the brief filed by appellant's current appointed counsel, grant counsel's motion to withdraw, and abate this appeal and remand the cause for the trial court to appoint new appellate counsel to review the existing record and to present any grounds, including the ground described above, that might support the appeal. We further order that a supplemental clerk's record be filed with this court containing the name, address, and state bar number of the new counsel appointed.

It is so **ordered**.


Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Higley and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

---

a second-degree felony offense when committed in a habitation); *id.* § 30.02(d) (enhancing burglary of habitation to first-degree felony only if any party to burglary entered the habitation with intent to commit a felony other than theft, or committed or attempted to commit a felony other than theft); *see also Mizell v. State*, 119 S.W.3d 804, 805, 806–07 (Tex. Crim. App. 2003) ("A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal.").